### MYRTLE SORRELL v. J. M. STONE.

#### Decided March 23, 1910.

**Abandonment of Action—Appeal.**

Where the complainant in a proceeding in the County Court to set aside the probate of a will, after announcing ready, declined to introduce any evidence, this was properly taken to be an abandonment of the action, precluding plaintiff from appealing to the District Court and prosecuting the proceeding in a trial de novo there.

Appeal from the District Court of Hays County. Tried below before Hon. O. T. Brown, Special Judge.

*Carlos Bee,* for appellant.—It being provided by statute that all causes in probate matters removed by appeal to the District Court from the County Court shall be tried anew as if originally brought in said court, it was not necessary to introduce any evidence upon the trial of the motion in the County Court, and the District Court, after the appeal had been duly perfected, took jurisdiction as if said case had been originally brought in said court. Articles 2255, 2256, 2259, 2261, 2262 of Revised Statutes; Newton v. Newton, 61 Texas, 512; Moore v. Hardison, 10 Texas, 467; Callaghan v. Grenet, 66 Texas, 236; Phelps v. Ashton, 30 Texas, 346; Glenn v. Kimbrough, 70 Texas, 147; McLane v. Paschal, 62 Texas, 102.

*B. G. Neighbors* and *Will G. Barber,* for appellee.—The appellant, having declined to offer any evidence in support of her motion or petition, is deemed to have abandoned same as effectively as if she had withdrawn it in open court, and she can not appeal from its order or judgment entered under such circumstances. Galveston, H. & S. A. Ry. Co. v. Schlather, 78 S. W., 953; Schulz v. Tessman, 92 Texas, 490; Texas & N. O. Ry. Co. v. Hook, 30 Texas Civ. App., 325; Houston, E. & W. T. Ry. Co. v. Perkins, 44 S. W., 547; Bledsoe v. Gulf, C. & S. F. Ry. Co., 6 Texas Civ. App., 280; Texas, P. C. & L. Co. v. Lee, 98 Texas, 236; Grier v. Powell, 14 Texas, 319; 2 Ency. P. & P., 106.

KEY, CHIEF JUSTICE.—The nature and result of this suit is stated in appellant's brief as follows: "A suit was brought by Myrtle Sorrell, of Bosque County, Texas, to set aside and cancel an order theretofore entered by said County Court on May 9, 1905, probating the will of Nancy J. Stone, deceased, who was the mother of the appel-

lant, and who had subsequently married appellee, J. M. Stone, and also asking that an order cancelling and setting aside the said pretended will of the said Nancy J. Stone, by which said will all the property of every kind and character belonging to the said Nancy J. Stone was devised to the said J. M. Stone, the said will being dated June 7, 1904. The motion filed by the said Myrtle Sorrell represented that the property conveyed by said will of Nancy J. Stone to the said J. M. Stone, had been partly acquired during the marriage of the said Nancy J. Stone with the father of the said Myrtle Sorrell, and partly acquired during her marriage with the said J. M. Stone. In support of said motion to set aside said orders, it was claimed that at the time of the making of said will by Nancy J. Stone, she was in a very feeble condition of mind and did not realize what she was doing in the execution of the said will, and that she was subjected to an undue influence brought to bear upon her by the said J. M. Stone, causing her to make a will in a manner different from her often expressed intention, of making provision for this petitioner and her brothers and sisters. It was further represented that at the time that the said pretended will was admitted to probate by the County Court of Hays County, the appellant was a minor, nineteen years of age and had no representative in the probating of the said pretended will, nor was she notified of same, nor did she at said time, or at any other time, acquiesce in the probate of said will, and the assumption by the said J. M. Stone of the control and disposition of the property which at the time of her death belonged to the said Nancy J. Stone.

"The appellee, J. M. Stone, answered by a general demurrer and a general denial. The said motion was heard in the County Court of Hays County on October 20, 1908, and said motion was by the court overruled and the said appellant denied the relief prayed for, the said Myrtle Sorrell declining to offer any evidence in said court in support of her said motion. The court thereupon declined to declare said will null and void, to which action the said Myrtle Sorrell excepted and gave notice of appeal to the District Court of Hays County, which said appeal was perfected by the said Myrtle Sorrell filing a bond in due form and having same entered. The transcript was thereupon sent to the District Court of Hays County for trial. It appearing that the district judge of said district was disqualified, the parties agreed upon the Hon. O. T. Brown, as special judge. The appellee thereupon filed motion to dismiss the appeal, upon the grounds that the said Myrtle Sorrell had failed and refused to offer any evidence in support of the said motion filed in the County Court, and that by reason of such fact she had waived any right to be heard, and had abandoned said motion. The appellee also filed a plea in abatement to said motion upon the grounds that the said Myrtle Sorrell, by declining to introduce any evidence in support of her motion in the County Court, had waived her right to appeal from the order entered by the said County Court declining to set aside the probate of the said will and to hold said will null and void, and that by reason of the failure so set out, the District Court was without jurisdiction to hear and entertain the matters presented on appeal by the said appellant. The District Court on March 8, 1909, sustained said

motion to dismiss the appeal, and also the plea in abatement, and declined to hear and determine the matters involved in said appeal, and held the said appellant, under the conditions presented in said motion to dismiss and by the said plea in abatement was not entitled to prosecute any appeal to the District Court from the judgment rendered in the County Court, to which judgment of the court the said appellant excepted and gave notice of appeal to the Court of Civil which said appeal was duly perfected by the appellant to this honorable court."
Appeals, Third Supreme Judicial District of Texas, at Austin, Texas,

To that statement it is proper to add that the judgment of the County Court not only recites the appearance of the parties and the announcement of ready for trial by both parties, but it contains the specific recital that the contestant, Myrtle Sorrell, declined to offer any evidence in support of her motion seeking to set aside the probate of the will of Nancy J. Stone.

*Opinion.*—We are of opinion that the action of appellant, after announcing ready for trial, in declining to offer any testimony in support of her motion or petition, must be construed as an abandonment of the same, as effectively as if it had been withdrawn and the case been dismissed, and that she thereby lost her right to appeal. (Galveston, H. & S. A. Ry. v. Schlather, 78 S. W., 953; Schulz v. Tessman, 92 Texas, 490; Texas, P. C. & L. Co. v. Lee, 98 Texas, 236; Bledsoe v. Gulf, C. & S. F. Ry., 6 Texas Civ. App., 280, 25 S. W., 314; Houston, E. & W. T. Ry. v. Perkins, 44 S. W., 547; Texas & N. O. Ry. v. Hook, 30 Texas Civ. App., 325, 70 S. W., 233; Grier v. Powell, 14 Texas, 319; 2 Ency. Plead. & Prac., 106.)

The authorities cited support the proposition that, when a litigant voluntarily announces ready for trial upon an issue which he has presented, and then declines to offer any testimony in support of such issue, he thereby abandons the cause of action set up in his pleading. And when a party has so abandoned his cause of action, we do not believe that it was intended that he should have the right to appeal from the judgment of the court disposing of his case, although such appeal might result in a trial *de novo* in the court to which the case would be carried by the appeal.

These conclusions dispose of the questions presented by this appeal, and lead to an affirmance of the judgment rendered by the court below.   Judgment affirmed.

*Affirmed.*

Writ of error refused.