V. A. Collins and Manry & Cochran, all of Livingston, for plaintiffs in error.

Campbell & Foreman and M. M. Feagin, all of Livingston, for defendant in error.

**CANNON et al. v. WILLIS.**

**No. 3488.**

Court of Civil Appeals of Texas. Beaumont.

June 16, 1939.

Rehearing Denied June 28, 1939.

WALKER, Chief Justice.

This appeal is by writ of error but the parties will be referred to as appellants and appellee.

On the 27th day of August, 1935, Mrs. Birdie Willis made and executed her last will and testament. She died on the 28th day of June, 1937, and her will was regularly probated in county court of Polk County on the 2d day of August, 1937. By the provisions of the will, R. D. Willis was appointed independent executor, and he qualified as such and assumed and undertook to discharge the duties of his appointment.

On her death, Mrs. Birdie Willis left surviving her four children: appellee, R. D. Willis, and appellants, Mrs. Pattie Cannon, a married woman, and Mrs. Maud Sisson and Mrs. S. H. Smith, widows. On the 23d day of December, 1937, appellants filed this suit in county court of Polk Coun-

ty against appellee "to cancel and annul" the last will and testament of Mrs. Birdie Willis, as it had been admitted to probate; the nature of the allegations made by appellants in their petition, and by appellee in his answer, are not in issue. The following judgment was entered in county court on appellants' petition:

"No. 1073

"Estate of Mrs. Birdie Willis, Deceased } In the County Court of Polk County, Texas, February Term, 1938.

"On this, the 14th day of February, 1938, at a regular term of this court, sitting in matters of Probate, came on to be heard contest of the will of Mrs. Birdie Willis, said will having been heretofore admitted to Probate by this court on the 2nd day of August, 1937, the contest of said will having been filed by Mrs. S. H. Smith, a feme sole, Mrs. Maud Sisson, a feme sole and Mrs. Pattie Cannon, joined in said contest by her husband, S. J. Cannon, and said cause having been called for trial, the plaintiffs and each of them appeared by and through their counsel, J. L. Manry and E. E. Cochran, and announced ready for trial, and the defendant, R. D. Willis, having appeared in person and by counsel, F. Campbell and Z. L. Foreman and M. M. Feagin, announced ready for trial and the court proceeded to hear the reading of the pleadings by counsel for all the parties thereto, and after the conclusion of the reading of the pleadings, counsel for plaintiffs announced in open court that plaintiffs nor any of them desired to offer any proof upon the contest of said will, the court is of the opinion and finds that plaintiffs and each of them be denied the relief sought and prayed for in their pleadings, and the court is of the opinion and here finds that said will was properly admitted to probate.

"Wherefore, it is ordered, adjudged and decreed that plaintiffs and each of them be denied the recovery sought in the contest of the will of Mrs. Birdie Willis, and that plaintiffs take nothing against the defendant, R. D. Willis, and that all costs in this behalf be adjudged against plaintiffs, jointly and severally, for which let execution issue.

"W. J. Tullos
"Judge of the County Court of Polk County, Texas.

"To the foregoing order and judgment, plaintiffs and each of them, in open court, excepted and gave notice of appeal to the Special Ninth District Court of Polk County, Texas, to perfect which appeal plaintiffs are ordered to file a good and sufficient bond in the sum of One Hundred & No/100 ($100.00) Dollars, payable and conditioned as provided by law.

"W. J. Tullos
"Judge of the County Court of Polk County, Texas.

"Filed Feb. 14, 1938.
"C. B. Marsh
"Clerk County Court Polk Co. Texas."

In the form and manner required by law, by excepting and giving notice of appeal and by filing appeal bond and transcript in district court of Polk County, appellants attempted to perfect their appeal to the district court of Polk County. On the 9th day of May, 1938, appellee filed his original plea in abatement in district court against appellants' cause of action as filed in district court on appeal from the judgment of the county court; on the 14th day of May, 1938, he filed the following amended plea in abatement:

"Mrs. Pattie Cannon et al. v. No. 200 R. D. Willis } In the Special Ninth District Court of Polk County, Texas.

"In the Special Ninth District Court of Polk County, Texas:

"Now comes defendant in the above styled and numbered suit, with leave of the court, and files this his first amended original plea in abatement in said suit, and shows to the court that said suit ought to be abated in so far as this court is concerned, and ought to be dismissed from the docket of this court, for that defendant shows that plaintiffs appeared at the time and place set and fixed for the trial of said suit in the county court of Polk County, Texas, and thereat announced ready for trial, and thereupon read their pleadings to the court, and then declined to submit any testimony or evidence in support of their said suit, and stated to the court that they would not offer or submit any evidence or testimony in support of their said suit, and stated to the court that the court could render judgment for defendant in said suit, whereby plaintiffs abandoned their said suit in said county court, and thereby waived any right they had to appeal from the said judgment rendered in said suit in said county court, and they therefore now having nothing of a justiciable nature pending in this court for hearing or determination

in so far as said suit is concerned, wherefore this plea ought and should be sustained by this court, and plaintiffs' said appeal from said county court to this court be dismissed, and defendant therefore files this plea and asks that it be sustained, and that plaintiffs' said appeal be dismissed from the docket of this court.

"Wherefore, premises considered, defendant prays that this plea be sustained, and that said appeal be dismissed from the docket of this court."

After appellee had filed his amended plea in abatement, appellants orally moved the court for a nonsuit, which was refused. On trial to the court on the merits of appellee's plea in abatement and appellants' motion for nonsuit, the following judgment was entered:

"On May 24th 1938, in the above entitled and numbered cause, came on to be considered by the court the application of plaintiffs to take a nonsuit and to nonsuit said cause in this court; and at the same time came the defendant and presented and urged his plea in abatement and motion to dismiss plaintiffs' attempted appeal to this court in this suit; all parties appearing and being heard both on said application to take a nonsuit and to nonsuit this cause, and said plea in abatement and motion to dismiss plaintiffs' said attempted appeal from the county court to this court; and the court having considered plaintiffs' said application to take a nonsuit and to nonsuit said cause in this court, as well as defendant's plea in abatement and motion to dismiss plaintiffs' said appeal to this court, and the evidence adduced thereon, is of the opinion and finds that plaintiffs, by reason of having appeared at the time and place agreed upon by them with defendant and the court for the hearing of said cause in the county court, and having then and there announced ready for trial, and having then and there read their pleadings, and then having rested their cause, having failed and refused to offer any evidence or testimony in support of their said cause, and having stated to the court that they had decided not to offer any evidence in support of their said alleged cause, and that the court could render judgment for the defendant in said cause in said court, which was done at plaintiffs' suggestion to the court, waived any right of appeal, and therefore have no right of appeal to this court, and said attempted appeal, whereby said cause is attempted to be appealed to this court, is of no legal force or effect, and said cause is

therefore improperly in this court, and this court is without authority or power to nonsuit said cause, or to take other action than to dismiss said appeal.

"It is therefore ordered, adjudged and decreed by the court that plaintiffs' application to take a nonsuit and to nonsuit said cause in this court be and the same is refused and denied, and that defendant's said plea in abatement and motion to dismiss said appeal be and the same is hereby in all things sustained, and said appeal is ordered dismissed.

"To which action of the court the plaintiffs then in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, Texas."

We give the following testimony of Judge Fox Campbell in support of the plea in abatement, summary taken from appellee's brief: "My name is Fox Campbell. I am one of the Attorneys of record in the case of Mrs. Pattie Cannon, et al, against R. D. Willis. I was present at the appointed place for the contest trial of this case in County Court on the 14th day of February, 1938. At that time my associate counsel and myself representing R. D. Willis, and Judge J. L. Manry and Mr. Ernest Cochran representing the plaintiffs, appeared in Court and all parties announced ready for trial, and I believe most of the parties were also present in Court at the time of the announcements. And after announcements of ready the contestants read their pleadings and announced to the Court that they did not care to offer any testimony and then stated to the Court that under those circumstances the Court would probably have to render judgment in behalf of R. D. Willis as against the contestants. And Mr. Cochran suggested that he desired to draw the judgment in the case and there was some controversy over that, and we drew a judgment and Mr. Cochran submitted a judgment he had drawn and we told him that we had no objection to it and that was the judgment approved and entered. The case was set by agreement by myself and the Attorneys for the Contestants, with the approval of the Court. No testimony at all was offered. Mr. Cochran stated they didn't care to offer any testimony, and he further stated to the Court that the Court would probably have to render judgment in favor of our client. The pleadings were read at the suggestion of Judge Manry, and Mr. Cochran read them.

Judge Manry and Mr. Cochran are partners and are both attorneys for the contestants."

Appellants have brought forward in the transcript three bills of exception against the rulings of the lower court on their motion for nonsuit. We quote as follows from the court's qualifications to these three bills: "The foregoing bill of exception is refused, because the same does not reflect the facts, in that on the first day of this term of Court, to-wit: May 9th, 1938, defendant, or contestee, R. D. Willis, filed in this cause his original plea in abatement and motion to dismiss the purported appeal, and apprized plaintiffs', or contestants', counsel of his having done so, and offered to take the matter up at that time for disposition, which was postponed at the request of attorneys for contestants; that defendant, or contestee, R. D. Willis, repeatedly urged the disposition of the plea . in abatement, which was postponed from day to day at the request of attorneys for plaintiffs, or contestants, and several days after the filing of said original plea in abatement, Mr. E. E. Cochran, one of the attorneys for plaintiffs, or contestants, during the progress of the trial of another case, walked up to the Judge and stated that they desired a non suit, and before the completion of said announcement, F. Campbell, one of the attorneys for defendant, or contestee, R. D. Willis, protested the granting of said nonsuit, and stated to the Court the substance of their plea in abatement and motion to dismiss the appeal, whereupon a hearing on both was postponed to the date the same was actually had, with the acquiescence of all parties, and no exception was taken or reserved to the failure of the court to enter an order permitting a non-suit at the time mentioned in the foregoing Bill."

Bill No. 2 was further qualified by the court by giving the substance of appellee's plea in abatement, and by copying this plea in haec verba as a part of the qualifications, and further as follows:

"The trial court does not certify, either as a matter of fact or of law, that any appeal was perfected to the District Court of Polk County, Texas, from the order or judgment complained of rendered in the County Court of Polk County, Texas, while sitting in matters of probate: and in view of the attending circumstances, the trial court does not certify, as a matter of law, that the judgment of the County Court complained of was such a final judgment as from which an appeal could be perfected

by the filing of an appeal bond, and having the same approved, and the transcript sent to the District Court, as in ordinary appeal in probate matters.

"While it is true that after the contestee, R. D. Willis, had filed in the District Court his amended plea in abatement and motion to dismiss the appeal, but before any action was taken on said amended plea in abatement and motion to dismiss the appeal, the contestants, appeared in open Court by their attorneys, and announced to the Court that they, the said contestants, desired to take a non suit, there by apprizing the Court of the fact that they did not wish to further prosecute their action in this Court; the contestee being then present in Court in person and by attorneys, immediately and before any order was entered in this cause, objected to and protested against contestants being permitted to take a nonsuit, and against the entry of any order purporting to dismiss the cause of action."

From the judgment of the lower court, the appeal was regularly prosecuted to this Court.

## Opinion.

By their motion for nonsuit, appellants sought to have the case—not the appeal—dismissed from the docket of the district court of Polk County; by their plea in abatement, appellee sought to have appellants' appeal to the district court dismissed. The nature of the judgment entered by the county court, though discussed by both partie in their briefs, is not an issue before us; so, we do not determine whether or not the county court exceeded its jurisdiction in entering a final judgment on the merits of the contest as filed in the county court; appellants insist that the county court, on the undisputed facts, had no jurisdiction except to enter judgment dismissing their contest. This appeal presents only one issue: "Did the district court of Polk County err in sustaining appellee's plea in abatement, thereby overruling appellants' motion for a nonsuit?" We think this question must be answered in support of the judgment of the lower court.

We quote the following proposition from appellants' brief: "We think, in that event, plaintiffs would have no right to attempt to support their cause of action on appeal by offering evidence, but we do think they would have the rights to say, 'We will no further prosecute this appeal, but will dismiss', and we think the court would have no choice in granting the non-suit. How-

ever, we are forced to admit to the court that we are not sure as to the effect of the ruling of the District court in sustaining defendant's plea in abatement. It may not be different from a non-suit in so far as it affects plaintiffs' rights to file a new suit, but we most seriously urge that plaintiffs had a right to dismiss their own case without prejudice and refile."

Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, 301, writ refused, supports appellants' concession that, having failed to offer any proof in the county court in support of their contest, they had no right to offer proof in district court on appeal from the judgment of the county court. The Sorrell case is on all fours with the facts of this case. After the will of her mother had been probated, Mrs. Sorrell filed her petition praying that the order of probate be set aside and cancelled. In probate court she declined to offer "any evidence in support of her said motion," and the final judgment of the probate court, denying her contest, contained "the specific recital that the contestant, Myrtle Sorrell, declined to offer any evidence in support of her motion seeking to set aside the probate of the will of Nancy J. Stone," contestant's mother. After giving notice of appeal, Mrs. Sorrell regularly prosecuted her appeal to the district court, and the transcript from the county court was duly filed in the district court. Thereupon the contestee filed his motion to dismiss the appeal, and his plea in abatement praying for a dismissal of the appeal, alleging that, by declining to introduce any evidence in the county court, contestant "had waived her right to appeal from the order entered by the said county court declining to set aside the probate of the said will and to hold said will null and void, and that, by reason of the failure so set out, the district court was without jurisdiction to hear and entertain the matters presented on appeal by the said appellant." Affirming the judgment of the lower court sustaining appellee's motion to dismiss and his plea in abatement, Judge Key, writing the opinion of the court, said:

"We are of the opinion that the action of appellant after announcing ready for trial in declining to offer any testimony in support of her motion or petition must be construed as an abandonment of the same as effectively as if it had been withdrawn and the case been dismissed, and that she thereby lost her right to appeal. Galveston, H. & S. A. Railway v. Schlather [Tex.Civ.App.] 78 S.W. 953; Schulz v. Tessman, 92 Tex. [488] 490, 49 S.W. 1031; Texas Portland Cement & Lime Co. v. Lee, 98 Tex. 236, 82 S.W. 1025; Bledsoe v. Railway, 6 Tex.Civ.App. 280, 25 S.W. 314; Houston, E. & W. T. Railway v. Perkins [Tex.Civ. App.] 44 S.W. 547; Texas & N. O. Railway v. Hook, 30 Tex.Civ.App. 325, 70 S.W. 233; Grier v. Powell, 14 Tex. 320; 2 Ency. Plead. & Prac. 106.

"The authorities cited support the proposition that when a litigant voluntarily announces ready for trial upon an issue which he has presented, and then declines to offer any testimony in support of such issue, he thereby abandons the cause of action set up in his pleading. And, when a party has so abandoned his cause of action, we do not believe that it was intended that he should have the right to appeal from the judgment of the court disposing of his case, although such appeal might result in a trial de novo in the court to which the case would be carried by the appeal."

On authority of the Sorrell case, it is clear that appellee's plea in abatement was good, and as a matter of law, on the undisputed facts, should have been sustained, unless appellants had the right, on their motion for nonsuit, to have the case dismissed.

█ It is our conclusion that the trial court did not err in overruling appellants' motion for nonsuit. On the undisputed facts, under the Sorrell case, appellants abandoned their suit in county court as effectively as if they had taken a nonsuit in county court. The district court, on the undisputed facts and on the recitals in the judgment of the county court, had no jurisdiction of appellants' appeal, as against appellee's plea in abatement, except to dismiss it from its docket. Jurisdiction to dismiss the case and not the appeal would necessarily imply that the court, by the appeal, had acquired jurisdiction of the parties and the subject matter, and on such jurisdiction had the power to proceed to final judgment. That it did not have jurisdiction to enter a final judgment on the merits was clearly held in the Sorrell case. The district court had jurisdiction only to dismiss the attempted appeal from the judgment of the lower court.

█ For a second reason the court did not err in denying appellants' motion for nonsuit. Article 2182, R.C.S.1925, provides: "Non-suit.—At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice

the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced."

Appellee's plea in abatement constituted a "claim for affirmative relief," as that term is used in the statute. He had the right to have the appeal dismissed—to have that affirmative right sustained—as against appellants' motion for nonsuit.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered. Affirmed.