**BELL et al. v. BELL et al.**

No. 6025.

Court of Civil Appeals of Texas. Amarillo.

Jan. 23, 1950.

Rehearing Denied Feb. 27, 1950.

Harry Bunnenberg, Vernon, Foster Davis, Crowell, Jim W. Sowell, Quanah, for appellants.

Brookreson & Brookreson, Seymour, for appellees.

PITTS, Chief Justice.

This is an independent suit filed by appellees against appellants seeking to set aside and annul the will of Ezekiel Bell after it was admitted to probate, which, after a hearing had on March 16, 1949, resulted in a judgment of the County Court sustaining, in effect, the will and the probate thereof, from which judgment appellees perfected an appeal to the District Court. Thereafter appellants filed in the District Court a motion to dismiss the appeal and a verified plea in abatement seeking a dismissal of the appeal on the alleged grounds that appellees had abandoned their alleged cause of action by reason of their failure to offer any evidence in the County Court of unsound mind of the testator or of undue influence upon him, which were the sole grounds upon which appellees sought to have the will set aside and annulled. Thereafter appellees filed a new pleading in the District Court raising new questions and new issues for the first time raised, seeking to have the alleged cause of action previously filed by them in the County Court and then pending on appeal in the District Court dismissed and the judgment of the County Court admitting the will to probate declared void.

At a hearing held in the District Court on September 20, 1949, the trial court declined to hear in regular order appellants' plea in abatement and motion to dismiss the appeal on the verified alleged grounds therefor or to even pass on such but instead heard appellees' motion to declare the order admitting the will to probate void and dismissed the cause of action. Upon such hearing the trial court sustained appellees' said motion, declared the order of the County Court admitting the will to probate void, dismissed the cause of action and ordered such certified to the County Court, from which action of the trial court appellants perfected their appeal.

In presenting their assignments of error in what they choose to call "their natural order" appellants first complain about the action of the trial court and the contents of its judgment charging, in effect, that the trial court erred in permitting appellees to

file new and independent pleadings raising for the first time new and independent issues that had not been raised or heard in the original proceedings in the probate court but complain more seriously that the trial court erred in sustaining appellees' contentions set out in such pleadings raising such new issues on appeal. In support of their contentions appellants cite among other authorities the case of Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 568, 569, 570, writ dismissed. The court there held that: "It is too well settled to permit of argument that jurisdiction of an original proceeding to probate a will in this State is conferred exclusively upon the county court, and that the district courts have only appellate jurisdiction of such proceeding; on appeal from the probate to the district court only such matters as have been adjudicated in the former can be determined in the latter." It cites numerous authorities in support of the rules there enunciated.

■■ But, be that as it may, we prefer to consider the assignments of error in the order that seems most logical to us. It is our opinion that the trial court erred in its failure and refusal to hear and consider in regular order appellants' plea in abatement and motion to dismiss the appeal. It has been held that in a suit such as this the contestants of a will must offer evidence in the court where the original proceedings were held in support of the alleged grounds for contest as a prerequisite to appeal, otherwise the alleged action has been abandoned and an appeal will not lie. Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, writ refused, and Cannon v. Willis, Tex. Civ.App., 130 S.W.2d 920, writ refused. The latter case cites the former and follows the rules of law there enunciated. The latter case further holds that in such a case the trial court had jurisdiction only to hear the plea in abatement and to dismiss the attempt to appeal from the judgment of the lower court and that it did not have jurisdiction to enter final judgment on the merits or to dismiss the cause of action. In the cases cited no evidence was offered in the probate court where the original suit in each instance was filed, while in the instant case appellants assert in a verified pleading that no evidence was offered by appellees in support of the controlling issues alleged in contest of the will but that brief testimony was offered only to the effect that the testator was dead; that appellees were children of the testator by a former marriage; that the testator had remarried and appellant, Mary Bell was his surviving wife and appellant Virginia Henley was his surviving daughter by the last marriage, all of which could have apparently been agreed upon by the parties. If no evidence was offered in the County Court in support of the controlling issues and pleadings filed by appellees in contest of the admission of the will to probate it is our opinion that the rules of law clearly stated in the last cases cited were controlling in the case at bar and the trial court committed reversible error in failing and refusing to hear and pass on appellants' plea in abatement and motion to dismiss the appeal. Appellants' fourth and fifth points of error are therefore sustained. In view of our disposition made of these points the other points are now immaterial. If the issues there raised should again become material, the rules governing them may have then been fully established by the last court of resort in a case now pending before it.

For the reasons stated the judgment of the trial court is reversed and the cause is remanded.