## SCHEETZ et ux. v. BADER et al.
### No. 12429.

Court of Civil Appeals of Texas. Galveston.
July 17, 1952.

Rehearing Denied Oct. 9, 1952.

J. W. Thomas, Sr., Belton, and J. W. Thomas, Jr., Temple, for appellants.

W. I. Hill, Bellville, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the District Court of Austin County sustaining appellees' plea in abatement and the dismissal of an action brought by appellants, George and Winnie Scheetz, contesting that portion of the will of William Kochendoerfer, deceased, in which he bequeathed to each of his two named sons, Raymond and Fred Kochendoerfer, and his daughter, appellant Winnie Scheetz, only the sum of $1 for the reason stated in his will that his three children did not appreciate any advice given them by him and that they had not shown him any filial love, affection or respect.

Appellants brought the action in the County Court of Austin County, alleging as their grounds for the contest that at the time said will was executed the testator had been subjected to such undue influence and compulsion by appellees, Anna Bader and Lina Leps, that his free agency had been destroyed.

The trial court prepared and caused to be filed his findings of fact and conclusions of law, in which it was found, on what we deem to be sufficient evidence, that in the trial of the case a consent judgment was agreed upon without the introduction of any evidence. It is undisputed in the record that no evidence was introduced in the trial of the case in the County Court.

Appellants gave notice of appeal to the District Court and have filed their appeal bond.

Appellees filed their plea in abatement in the District Court of Austin County, alleging lack of jurisdiction in that court for the stated reason that on the trial of the suit in the County Court of Austin County appellants had requested that the Court render judgment for appellees and that at that time judgment was rendered in that court without the introduction of any evidence in support of the plaintiffs' case, to which defendants agreed, and that thereupon the County Court of Austin County entered an agreed judgment, sustaining the original probate of the will and finding that there was no undue influence exerted on the testator by appellees, and that the instrument offered was truly the will of Wm. Kochendoerfer. The District Judge of Austin County sustained appellees' plea in abatement and dismissed the suit at appellants' costs.

Appellants rely on four points of assigned error, in which they contend that the trial court erred in sustaining appellees' plea in abatement and that they were estopped to deny a jurisdiction to which they had consented. They contend that the court erred in holding that the judgment rendered in the County Court was an agreed judgment since appellants had perfected their appeal from the County Court to the District Court by taking the necessary procedural steps.

It is the settled law in this State that every citizen has the right to dispose of his propery by will in any way that he may desire, regardless of the ties of nature or relationship. Therefore, in construing a will, the intention of the testator is controlling. Aron v. Aron, Tex.Civ.App., 168 S.W.2d 917, and authorities there cited.

Under their counter-points appellees contend that the court did not err in sustaining their plea in abatement because a consent to judgment does not waive jurisdictional errors and that the jurisdiction of the subject matter cannot be conferred by consent or waiver, since it is the general rule in this State that a party may not complain of a judgment rendered by consent or agreement, 25 Tex.Jur. 390; Posey v. Plains Pipeline Co., Tex.Civ.App., 39 S.W.2d 1100

Appellants contended under their fourth point of error that the District Court had jurisdiction to try the case de novo because they had timely met all required steps of appeal; that appellees are estopped to deny jurisdiction of the District Court because

they had consented to confer jurisdiction of the subject matter on the Court; and that the District Court had jurisdiction to try the case de novo and that errors of all kind were waived.

■ In the case of Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W. 2d 598, 600, it is held that "Jurisdiction of the subject matter exists by operation of law only, and cannot be conferred upon any court by consent or waiver."

It is undisputed in the record that no evidence was introduced at the trial of the case. · . .

■ In the case of Bell v. Bell, Tex. Civ.App., 245 S.W.2d 767, it was held that where will contestants did not offer evidence in an original proceeding in the County Court in support of grounds upon which they sought to have will declared invalid, contestants abandoned their alleged cause of action and appeal to the District Court would not lie. Citing Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, writ refused; and Cannon v. Willis, Tex. Civ.App., 130 S.W.2d 920, writ refused.

In the case of Galveston H. & S. A. Ry. Co. v. Schlather, 78 S.W. 953, this Court held, under a similar state of facts, that, where appellant had failed to offer evidence in support of its cross-action, it was deemed to have abandoned it as effectively as if it had withdrawn it in open court. " * * * And as such abandonment left the matter in controversy beneath the appellate jurisdiction of the county court, the appeal was properly dismissed."

It is a well-established rule of law in this State that parties cannot confer jurisdiction by agreement.

In the case of Minor v. Hall, Tex.Civ. App., 225 S.W. 784, it was held, that if contestants desired to have the order of the County Court probating a will set aside they must go into the County Court, a court of original jurisdiction over such matters, and that an issue must first be made and determined in the court of original jurisdiction before the jurisdiction of the appellate court can attach. It was held that the District Courts under our present Constitution have no jurisdiction to annul, by

an original proceeding, the action of a county court in probating a will.

In the case of Sorrell v. Stone, supra, it was held that appellants, having failed to offer any proof in the County Court in support of their contest, deprived them of any right to offer proof in the District Court on appeal from the judgment of the County Court.

We have carefully considered all points of error presented by appellants in their brief, and find no reversible error.

The judgment of the trial court in sustaining appellees' plea in abatement is affirmed.