## McBRIDE v. COMMERCIAL NAT. BANK.
### No. 4856.

Court of Civil Appeals of Texas. Beaumont.
Nov. 26, 1952.

S. M. Adams, Jr., Nacogdoches, for appellant.

H. L. Edwards, Nacogdoches, for appellee.

R. L. MURRAY, Justice.

This is an appeal from an order of the district court of Nacogdoches County, dismissing the appeal of Mrs. Vera Goodman McBride from a judgment of the county court of Nacogdoches County for want of jurisdiction. H. J. McBride died and left surviving his widow, Vera Goodman McBride the appellant. A will, which was executed before H. J. McBride's marriage to appellant, was filed for probate by the named executor, the Commercial National Bank in Nacogdoches, the appellee herein. The said will was admitted to probate by the county court of Nacogdoches County on December 26, 1951. On January 10, 1952, the appellant filed her notice of appeal and appeal bond and the cause was transferred to the district court of Nacogdoches County, Texas. On April 26, 1952, the district court of Nacogdoches County granted the appellee's motion to dismiss for want of jurisdiction of the district court and dismissed the cause.

The appellant gave proper notice of appeal from the order of the county court of Nacogdoches County probating the will of H. J. McBride, deceased, and filed sufficient bond for appeal in the amount fixed by the County Judge, and the notice of appeal and bond for appeal were filed within 15 days after the will was admitted to probate, the time allowed by law for such an appeal.

The ground urged by the appellee bank in the district court in its motion to dismiss for want of jurisdiction was that upon the hearing for probate of the will in the county court Mrs. Vera McBride, the surviving wife of the deceased, did not appear and contest the probating of the will, did not make any appearance of any kind, did not file any pleading, was not a party to the probating of said will, did not raise any objection to the probating of said will and she had actual and legal notice of said will and the application to probate it; that by such attempted appeal from the probate proceedings from the county court to the district court she for the first time made herself a party to said probate proceedings and for the first time filed any written pleading alleging why said will should not be probated, thereby attempting to collaterally attack the judgment or order of the county court probating said will, when her proper legal procedure would have been, if she desired to contest the probating of said will, to have filed her proper contest in the county court, the original court where said will was originally probated.

Article 3698, Vernon's Annotated Civil Statutes of Texas, provides as follows: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter; provided that in appeals from orders or judgments, appointing administrators or temporary administrators, the administrators shall continue the prosecution of suits then pending in favor of the estate, and if on appeal from probate court a different administrator shall be appointed, he shall be substituted in such case." Rule 332, Texas Rules of Civil Procedure, reads as follows: "The party desiring to appeal shall, within fiftcen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties to be approved by the county clerk, payable to the county judge in any amount to be fixed by the county judge, conditioned that the appellant shall

prosecute said appeal to effect and perform the decision, order, decree or judgment which the district court shall make thereon in case the cause shall be decided against him."

According to the above statute and rule, under the authority of Maddux v. Booth, Tex.Civ.App., 108 S.W.2d 329 and Henderson v. Moore, Tex.Civ.App., 189 S.W.2d 59, Mrs. McBride had fully complied with the statute and the rule so as to divest the county court of Nacogdoches County of all jurisdiction of the matter of probate of the will of H. J. McBride, deceased, and to vest jurisdiction thereof in the district court of Nacogdoches County, unless as is contended by the appellee, she lost her right to appeal because she did not introduce any evidence at the hearing in the county court upon the probating of the will. The appellee relies on the doctrine announced in Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, writ refused, and the cases following the decisions in that case, Bell v. Bell, Tex.Civ.App., 245 S.W.2d 767 and Bell v. Bell, Tex.CivApp., 248 S.W.2d 978. In the original case announcing this doctrine, Sorrell v. Stone, supra, and in the cases cited by the appellee, Bell v. Bell, supra, and in Cannon v. Willis, Tex.Civ.App., 130 S. W.2d 920, by this court, the attempted appeal from a probate judgment in a county court without introducing any evidence was by a litigant who had filed a suit himself to set aside and cancel an order or judgment probating a will. The exact language used by Justice Key in Sorrell v. Stone [60 Tex. Civ.App. 51, 127 S.W. 301] was as follows: "We are of opinion that the action of appellant after announcing ready for trial in declining to offer any testimony *in support of her motion or petition* must be construed as an abandonment of the same as effectively as if it had been withdrawn and the case been dismissed, and that she thereby lost her right to appeal. (Citing cases.) The authorities cited support the proposition that when a litigant voluntarily announces ready for trial *upon an issue which he has presented,* and then declines to offer any testimony in support of such issue, he thereby abandons the cause of action set up in his pleading. And, when a party has so abandoned his cause of action, we do not believe that it was intended that he should have the right to appeal from the judgment of the court disposing of his case, although such appeal might result in a trial de novo in the court to which the case would be carried by the appeal." We note that the feature of the proceeding which Sorrell v. Stone found to be cause for loss of the right to appeal was that the party had presented a motion or an issue and had declined to present any testimony in support thereof. The same situation prevailed in the cases of Bell v. Bell and Cannon v. Willis, supra. We think this is a salutary rule, but it has no application to the instant case, in which Mrs. McBride, the appellant, was not a plaintiff or a movant presenting an issue to the county court of Nacogdoches County. In a case with facts very similar to those of the present appeal, Wolnitzek v. Lewis, Tex.Civ.App., 162 S.W. 963, the court held that since the appellants, such as Mrs. McBride in the instant case, did not bring suit to establish a will but was cited as a proper party in a suit brought by other parties to probate a will, she did not lose her right to appeal by refusing to introduce any testimony at the hearing in the county court to probate a will. On the authority of that case and the clear wording of the statute and rule quoted above, we hold that the appellant did not lose her right of appeal under all of the facts here and that the learned trial judge of the district court of Nacogdoches County was in error in sustaining the motion of the appellee Commercial National Bank, executor, to dismiss the appeal.

If the appellant Mrs. McBride had followed the course of action which the appellee in its brief contends was the only procedure open to her, that is, if she had filed a suit in the county court of Nacogdoches County to set aside and cancel the order and judgment probating the will, and then on the hearing on her motion had refused to introduce any evidence in support thereof, she would have found herself in the position of the would be appellants in the case of Sorrell v. Stone, supra, and the cases following it. She did not do this, but on the contrary properly perfected her ap-

peal from the judgment probating the will as a person who considered herself aggrieved by that judgment and we believe the district court was thereby vested with jurisdiction of the case for a trial de novo of the application to probate the will.

The order and judgment of the district court dismissing the appeal is reversed and judgment is hereby rendered overruling said motion.