**TURNER et al. v. JACKSON et al.**

No. 2974.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1953.

Rehearing Denied Feb. 20, 1953.

Archer, Bryant & Overshiner, Abilene, for appellant.

Ash & Abbott, Abilene, for appellee.

LONG, Justice.

This is an appeal from a judgment of the District Court of Taylor County sustaining appellees' plea in abatement to an action brought by appellants, George Turner, and the other heirs of Hattie Savage Turner, deceased, contesting the will of Hattie Savage Turner, executed in 1925. Appellants brought this action in the County Court of Taylor County, alleging as grounds for the contest that a later will executed by the deceased in 1940 revoked the will executed in 1925. Appellees alleged in their plea in abatement filed in the District Court that the District Court had no jurisdiction on appeal from the County Court for the reason that on the trial in the County Court appellants had requested that the court render judgment for appellees and at that time appellants introduced no evidence in support of their claim that Hattie Savage Turner, deceased, had executed a subsequent will, thereby revoking the will theretofore admitted to probate. The court sustained appellees' plea in abatement and dismissed the suit at appellants' cost. From this judgment, appellants have appealed.

The trial court prepared and caused to be filed his findings of fact and conclusions of law in which it was found, on sufficient evidence, that in the County Court,

judgment was entered without the introduction of any evidence. It is undisputed that no evidence was introduced in said court. It is the settled law that where a contestant offers no evidence in an action in the County Court in support of grounds upon which he seeks to have a will declared invalid, that contestant, thereby abandons his cause of action and an appeal therefrom will not lie. Bell v. Bell, Tex.Civ.App., 245 S.W.2d 767; Cannon v. Willis, Tex.Civ. App., 130 S.W.2d 920 (Writ Ref.); Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300 (Writ Ref.); Scheetz v. Bader, Tex.Civ. App., 251 S.W.2d 427 (Writ Ref.).

Appellants contend the court erred in, admitting and considering any of the evidence offered upon the plea in abatement because the judgment of the County Court was the best evidence as to the proceedings in that court and any evidence offered at such hearing vitiated the parol evidence rule. The judgment of the County Court recites:

"That the parties appeared and submitted the matters in controversy as well as of fact and of law to the Court without the intervention of a jury, same having been waived and the pleadings and evidence and the argument of counsel having been heard and fully understood."

We recognize the rule as contended by appellants that ordinarily judicial records are protected by the parol evidence rule and that their effect cannot be added to, subtracted from or altered by evidence that tends to contradict said records. In a proper case, however, the court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. It cannot consider evidence aliunde contradicting the record. The evidence offered in the District Court to the effect that appellants did not offer evidence in the County Court on the issue of a later will does not contradict the recitals in the judgment of the County Court that evidence was introduced in the County Court. The County Court judgment does not recite the kind and character of evidence which was introduced on the hearing. It does not state that appellants introduced any evidence. We have concluded that the court did not err in admitting evidence aliunde the record on the issue of whether evidence was introduced in the County Court on the controlling issue made by the pleadings in that court. We find no merit in this appeal and the judgment of the trial court is, therefore, affirmed.

On Motion for Rehearing.

By their second point, appellants contend the trial court erred in failing to grant them a trial de novo and in admitting and considering evidence on the plea in abatement. We find no merit in this point. Appellants failed to introduce evidence on the controlling issue made by the pleadings in the County Court and, therefore, the District Court acquired no jurisdiction of this appeal. If the District Court acquired no jurisdiction it then follows that appellants were not entitled to a trial de novo in that court.

By their third point, appellants assert the trial court erred in not permitting appellants to interrogate the County Judge on whether or not he decided against appellants' contention as a matter of law. Upon the hearing of the plea in abatement and while the Honorable Walter Pope, Jr., the Judge of the County Court before whom this case was tried, was testifying as a witness, the following occurred:

"Q. (By Mr. Overshiner) But did you ever decide against the plaintiffs on the law in that case or not?

"Mr. Abbott: Your Honor, that's immaterial.

"Mr. Overshiner: It is highly relevant, Your Honor.

"The Court: The judgment speaks for itself here. In other words, you have got a judgment here.

"Mr. Overshiner: That's quite correct. I will withdraw the question.

"Mr. Overshiner: That's all."

It will be observed that the record does not show what the answer of the County

Judge would have been to the question propounded. The record further shows that Counsel for appellants withdrew the question and did not insist upon an answer thereto. He did not except to the court's ruling in refusing to allow the witness to answer the question. The law is well settled that a bill of exception to the exclusion of evidence must show what the answer of the witness would have been to the question propounded. We have no way of knowing what the answer of the witness would have been. Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937; Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264; Bowles v. Bourdon, Tex.Civ.App., 213 S.W. 2d 713, affirmed 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R. 2d 1; Texas Associates, Inc., v. Joe Bland Const. Co., Tex.Civ.App., 222 S.W.2d 413; Texas Rules of Civil Procedure, rule 372. Furthermore, Counsel for appellants waived the error, if any, by failing to except to the ruling of the court and by withdrawing his question. This point is overruled.

By their fifth point, appellants complain of the action of the trial court in compelling one of appellants' attorneys to answer a question as to what transpired in the County Court and contend said witness was privileged as to whether or not he would testify to such occurrence. Upon a trial of the case, Hon. George Overshiner, an attorney for appellants, was called as a witness by appellees and testified, over his objection, that no evidence or testimony from witnesses was offered upon the trial of the case in the County Court. Appellants have cited no authority and we know of none which holds that the above evidence was privileged. The attorney was called upon to testify as to what occurred in the trial of the case in the County Court. We know of no rule of law which holds that the information sought to be elicited from the witness was privileged, therefore, this point is overruled.

We have again carefully considered all points raised by the appellants and we find no merit in any of them and they are overruled.

The motion for rehearing is overruled.