## CRANE v. PIERCE.
### No. 14660.

Court of Civil Appeals of Texas.
Dallas.
March 27, 1953.

Rehearing Denied April 24, 1953.

George Allison and Quincy A. Richburg, both of Dallas, for appellant.

Wm. W. Sweet, Jr., Dallas, for appellee.

CRAMER, Justice.

On July 26, 1951 Josie Pierce, sister of Will Pierce, deceased, filed an original application to probate the purported last will of said Will Pierce, deceased. On August 28, 1951 Mentha Crane, a daughter of the deceased, joined by her husband, filed an answer and contest to the probate of the will. On November 6, 1951 the will after a hearing was admitted to probate. To the order probating the will contestants, Crane et vir., duly excepted and perfected their appeal to the District Court. Proponent Pierce on September 16, 1952 filed a plea in abatement and motion to dismiss contestant Crane's appeal, asserting contestant offered no evidence in the Probate Court in support of their contest. On a hearing the District Court sustained the motion and dismissed contestant Crane's appeal to the District Court. Contestant Crane has duly perfected her appeal to this Court from the District Court's judgment of dismissal. Appellant Crane briefs but one point which asserts that the District Court erred in sustaining proponent Pierce's plea in abatement and motion to dismiss when contestants did not offer any evidence in the Probate Court affirmatively supporting their contest but only cross-examined the witnesses of the proponent Pierce.

The record and the point raise a pure question of law, to-wit, whether the same rule as to the burden of proof applies in a contest filed in the original proceedings to probate the will, under Art. 3348, Vernon's Ann.Civ.St., as does the settled rule which

applies to the burden of proof in an original action to contest the will after the probate thereof, under Art. 5534, V.A.C.S.

■ The rule is settled that in a separate proceedings under Art. 5534, V.A.C.S., to set aside the probate of the will, after the same has been duly probated, that the absence of evidence in the Probate Court on plaintiff's contest, is ground for dismissal in the District Court. Chambers v. Winn, Tex.Civ.App., 133 S.W.2d 279; Howley v. Sweeney, Tex.Civ.App., 288 S.W. 602; Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326; Cannon v. Willis, Tex.Civ.App., 130 S.W.2d 920; Bell v. Bell, Tex.Civ.App., 245 S.W.2d 767; Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300; Scheetz v. Bader, Tex.Civ.App., 251 S.W.2d 427. Art. 5534, V.A.C.S., provides that any person interested in a will which shall have been probated theretofore may institute an original suit in the proper court to consider the validity thereof, subject to a four-year limitation thereon.

The contest here, however, was not under Art. 5534 after the original probate of the will had become final; but was under Art. 3348. It was filed in the original proceeding to probate the will. Appellee contends that the rule is the same under both Art. 5534 and Art. 3348, V.A.C.S. Appellant contends the rule as to the burden of proof in this proceeding under Art. 3348 differs entirely from the burden of proof in a proceeding under Art. 5534.

Art. 3348 provides, material here: "Before admitting a will to probate, it must be proved to the satisfaction of the court: * * *. 5. That such will has not been revoked by the testator."

■ The reason for the difference in the rule in proceedings under Arts. 5534 and 3348 is obvious. The burden of proof under each is on the party seeking affirmative relief. The affirmative relief sought by the proponent of the will under Art. 3348 is the original probate of the will. In such proceeding the proponent is required to prove by a preponderance of the evidence among other things that the will is in full force and effect and "has not been

revoked by the testator." The contest under such a proceeding is not a true contest, but is but an opposition or answer in such original proceeding to probate the will. Under Art. 3348 the proponent (party seeking the affirmative action of the court) must prove all facts necessary to the relief he seeks, one of which is that the will is in full force and effect, unrevoked at the time of the death of the testator.

■ The affirmative relief under Art. 5534, V.A.C.S., is to set aside a final judgment of a court of competent jurisdiction which has theretofore probated the will, upon a finding of fact that the will had not been revoked. In such a proceeding the burden is on the plaintiff to affirmatively show that the will had been revoked, or was not a valid will originally. In such a proceeding the burden under the general rule is on the plaintiff who seeks the affirmative relief of setting aside a solemn judgment of a court of competent jurisdiction who has found the facts against the plaintiff. In such a proceeding under Art. 5534 the rule is that the plaintiff in such new suit to set aside the probate of the will, who fails to offer evidence thereon in the County Court, legally speaking, has abandoned his cause of action, and defendant by reason of such abandonment is entitled, on an attempted appeal to the District Court, to a dismissal of the appeal. See authorities hereinabove cited.

■ For the reasons stated we must hold that upon the original probate of the will, under Art. 3348, the fact that contestant offered no original evidence of his own and confines his efforts to an endeavor to discredit proponent's evidence, by cross-examination to make a disputed question of fact on proponent's own affirmative issue, does not entitle proponent, on contestant's appeal to the District Court, to a dismissal of such appeal on the ground that her contest has been abandoned by the interested party who filed her answer to the petition to probate the will.

The judgment below for the reason stated is reversed and the cause is remanded to the trial court for a trial on the merits.