Kathryn BISHOP et al., Appellants,

v.

Wallace FIELDS et al., Appellees.

No. 7170.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1960.

Gordon R. Wellborn, Rex Houston, James N. Phenix, C. A. Keeling, Henderson, for appellant.

Bibb & Green, Marshall, for appellee.

DAVIS, Justice.

This is an appeal from an order of the District Court of Harrison County wherein the district court sustained the appellees' plea in abatement. The basis for the plea in abatement was that the appellant, who filed an original contest to the application to probate the will of Alma Dean Cole Carpenter, deceased, in the county court did not offer any direct proof on the questions

raised in such contest. There is only one question involved in this appeal and that is whether or not a contestant in an application to probate a will under Art. 3348 Vernon's Ann.Rev.Civ.St. (now Section 88 of the Probate Code, V.A.T.S.) is required to offer evidence in the county court on a hearing on an application to probate the will.

Apparently the trial court went off on the theory that the contestant was governed by the same rule of law that governs the offering of the testimony under Art. 5534 V.R.C.S. of Texas (Sec. 93 of the Probate Code, V.A.T.S.) wherein a person files an *original suit* in the county court to set aside the probating of a will, *after the judgment admitting the will to probate has become final.* Under this theory of law, the offering of evidence by the proponent in the contest is mandatory. Bell et al. v. Bell et al., Tex.Civ.App., 248 S.W.2d 978, err. ref., n. r. e.

In 1955 the Supreme Court of Texas in Cullinan v. Cullinan, 154 Tex. 247, 275 S.W.2d 472, specifically put this point to rest. In that case, the Supreme Court cited the case of Crane v. Pierce, Tex.Civ.App., 257 S.W.2d 510, in which it held that in a case where an actual contest to the probating of a will is filed in the county court, that the offering of testimony in the county court is not necessary. This is in keeping with the provisions of Art. 3348 (Sec. 88, Probate Code, V.A.T.S.).

In the case of McBride v. Commercial National Bank, Tex.Civ.App., 254 S.W.2d 152, n. w. h., is a stronger case than the case at bar. In that case, the bank filed the will of Mr. McBride for probate. No contest was filed and after the will was admitted to probate, his wife did file a notice of appeal and perfected the appeal to the district court. The district court sustained a motion to dismiss her appeal. Mrs. McBride appealed to the Court of Civil Appeals and the court held that sustaining the motion to dismiss was error.

The appellees have not filed a brief in this case and they apparently concede the error of the trial court.

All of appellants' points of error are sustained and the judgment of the trial court is reversed and the cause is remanded with instructions to reinstate the same for trial.