Mary Sue **THOMPSON** et al., Appellants,

v.

Ann **KIRKLAND**, Appellee.

No. 7862.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 5, 1967.

F. L. Garrison, Gilmer, for appellants.

W. D. Brown, Quitman, for appellee.

CHADICK, Chief Justice.

This is an appeal in a will contest action. A summary judgment entered in the District Court is reformed to order dismissal of the proceeding and as reformed the judgment is affirmed.

On December 8, 1964, Mary Sue Thompson and Joe Kirkland filed a pleading in the County Court of Wood County to set aside a certain probate order of that court on the ground that an instrument previously admitted to probate, by order of such County Court dated September 14, 1964, as J. M. Kirkland's will was not Kirkland's will but was the product of undue influence upon J. M. Kirkland, and that he lacked testamentary capacity to make a will at the time the instrument was made and published.

The will contest case was regularly set for hearing on the 8th day of September, 1965, in the county court. The judgment entered in the case on the same date contains the following recital, to-wit:

"* * * came the contestants by and through their attorney * * * and came the proponent in person and by her attorneys, and announced ready for trial; whereupon, the contestants by and through their attorney announced that they did not desire to offer any evidence, and the Court, after considering the pleadings and it appearing therefrom that this suit by the contestants seeks to set aside the probate of the will of J. M. Kirkland, deceased, which was admitted to probate by this Court by judgment and order entered on the 11th day of September, 1964, and suit herein to set aside said judgment heretofore rendered is, as shown by the petition filed herein by contestants, upon the grounds of (1) lack of testimentary capacity and (2) undue influence; and it appearing to the Court

that the relief sought by said contestants should be denied. * * * "

The quoted recital is followed by a decree denying all relief sought.

An appeal was perfected to the District Court of Wood County from the County Court judgment in the will contest proceeding. In District Court Mrs. Ann Kirkland, the appellee here, moved for summary judgment; Mary Sue Thompson and Joe Kirkland, the appellants here, answered the motion for summary judgment by filing their attorney's sworn affidavit, which averred "to the best of his knowledge, information and belief," that counsel for the parties:

"* * * agreed * * * that it would not be necessary for contestants to offer evidence in support of their contest in the County Court and that such action would in no way prejudice the rights of the contestants to their appeal, and state that such action was in truth and in fact taken at that time and in such manner as an accommodation to and for the benefit of contestee."

The trial court sustained the motion for summary judgment and decreed "that the plaintiffs or contestants do have and recover nothing of and from the defendant or proponent herein; that the relief prayed for in Defendant's or Proponent's Motion for Summary Judgment is herein granted, and that the said defendant or proponent go hence without day with her cost, * * *."

■ The foregoing recitation indicates and the record clearly shows that the contestants Sue Thompson and Joe Kirkland offered no evidence in the County Court to support their action to set aside the County Court order admitting J. M. Kirkland's will to probate. Failure or refusal to tender evidence in support of such ac-

tion in the County Court constitutes an abandonment of the will contest suit as a matter of law. Sorrell v. Stone, 60 Tex. Civ.App. 51, 127 S.W. 300, writ refused; Cannon v. Willis, Tex.Civ.App., 130 S.W. 2d 920, writ refused; Scheetz v. Bader, Tex.Civ.App., 251 S.W.2d 427, writ refused; Turner v. Jackson, Tex.Civ.App., 256 S.W.2d 127, writ refused; Crane v. Pierce, Tex.Civ.App., 257 S.W.2d 510, writ refused, and Bell v. Bell, Tex.Civ.App., 245 S.W.2d 767, no writ history, on second appeal, 248 S.W.2d 978, wrrit refused, N.R.E. See also Cullinan v. Cullinan, 275 S.W.2d 472 (Sup.Ct.1955); Crane v. Pierce, 257 S.W.2d 510 (Ct.Civ.App.Dallas 1953), writ refused.

Appellants assert, however, that abandonment is not shown in this instance either as a matter of law or fact because counsel for the parties, "as an accommodation to and for the benefit of the contestees," agreed before judgment was entered in the county court that the contestants' omission of a tender of evidence in support of their contest pleadings in county court "would in no way prejudice the rights of the contestants to their appeal."

■ Without examining other possible defects in the affidavit on file, a part of which has been heretofore quoted, and considering the content as stated therein, the affidavit does not show an enforceable agreement. To be binding upon the trial court, agreements made between opposing counsel must be preserved and evidenced in conformity with Tex.R.Civ.P. 11.* The agreement set out in the affidavit filed in reply to the motion for summary judgment was not shown to be in writing, signed and filed with the papers as a part of the record, nor was it shown to have been made in open court and entered of record.

* "Agreements to Be in Writing. No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed

with the papers as part of the record, or unless it be made in open court and entered of record."

In this instance the proper judgment in the District Court would have been an order of dismissal. Cullinan v. Cullinan, supra. The judgment entered was on the merits of the case. The judgment of the trial court will be reformed to order dismissal and as reformed the judgment is affirmed.