CONTINENTAL SAVINGS
ASSOCIATION,
Appellant,

v.

Diane MAHENEY, et al., Appellees.

No. B3013.

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1982.

Bernard Fischman, Lachshin & Nathan, Houston, for appellant.

Jerry A. Pusch, Dudensing, Webb, Tullis & Jenson, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the denial of an award of attorney fees to the defendant-appellant under § 17.50(c) of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann. (Vernon Supp. 1982) (TDTPA).

Appellees, as borrowers, entered into a mortgage loan with appellant as lender. In the trial court appellees alleged that the interest rate on their loan was finalized at a rate higher than that promised at the time of execution of the earnest money contract for purchase of the residence. Appellees brought suit alleging a breach of contract and seeking reformation to provide for the lower interest rate, reimbursement for the extra amount of interest already paid, and additionally or alternatively damages under § 17.46(a) TDTPA for a false, misleading or deceptive trade practice.

Appellant counterclaimed alleging a discrepancy between the principal amount of the promissory note as stated in words and as stated in numerals and sought its reformation to the correct amount advanced to appellees. Appellant also sought recovery of attorney's fees for defending that portion of the appellees' case brought pursuant to the TDTPA claiming that the appellees'

suit was groundless, brought in bad faith and for purposes of harassment. § 17.50(c) TDTPA.

Trial was before the court. Findings of Fact and Conclusions of Law were filed with the statement of facts. The pertinent findings of fact by the trial court are as follows:

3. [Appellees] alleg[ed] that they had an agreement with the [appellant] that the rate of interest on their loan would be 9¾% per annum, but when they went to closing of the loan they were told that the rate would be 10% per annum.

4. ... At the time of trial [appellees] appeared to elect to pursue their cause of action under the theory of reformation and submitted no evidence nor pursued through evidence their alternative cause of action having to do with a Deceptive Trade Practice Act.

5. There was attached to the earnest money contract, a 'mortgage rider,' which stated that the rate of interest on the [appellees'] loan would be that in effect 'at the time of loan approval.' [Appellee], Diane Mahaney, testified that Continental Savings never discussed the interest rate with [appellee], and that the only conversation she had concerning the interest rate was with the real-estate broker who told her the rate would be 9¾% as reflected in the 'mortgage rider' he had previously presented to [appellee]. [Appellee], Diane Mahaney, further testified that she never had any direct dealings with Continental Savings between the time the note was signed with them as the date of closing. She further testified that any questions she had concerning her loan with Continental Savings were generally taken care of by the real-estate broker, and that she came to rely on that broker as a spokesperson for Continental Savings. [Appellee] believed the 'mortgage rider' was authorized and approved by [appellant] Continental Savings. Such mortgage rider also provided for an outside limitation on the rate of interest but the space for such limitation was left blank.

The pertinent Conclusions of Law are as follows:

2. The [appellees] were unable to make a prima facie case in support of their contention that the 'mortgage rider' was issued by or under the authority of Continental Savings Association.

3. A directed verdict favoring Continental Savings Association was proper in view of the absense [sic] of adequate evidence upon which the Court could find an agency relationship between the real estate-broker representing the language in the 'mortgage rider' as controlling the rate of interest, and the [appellant] Continental Savings.

4. [Appellees'] suit was not brought in bad faith or for purposes of harassment, because [appellees] believed the instrument known as the 'mortgage rider,' which stated the interest rate was to be determined at the time the loan was approved, was originally provided by [appellant] Continental Savings Association.

5. [Appellees'] suit was not groundless because [appellees] believe the instrument known as the 'mortgage rider' was issued under the authority of [appellant] Continental Savings Association.

6. [Appellant] Continental Savings Association is not entitled to attorney's fees in the defense of [appellees'] suit according to § 17.46 of the Deceptive Trade Practices Act—Consumer Protection Act, because [appellees'] lawsuit was not groundless, nor was it brought in bad faith or for the purposes of harassment.

Appellant raises three points. By his first and second points of error, appellant contends that the trial court erred in finding that the appellees' "lawsuit was not groundless, nor was it brought in bad faith, or for the purpose of harassment" and, therefore, appellant could not be awarded attorney's fees and court costs. By his third point of error, appellant contends that the trial court erred in placing upon the appellant the burden of proof on the issue of "bad faith"; that "bad faith" can be inferred from an absence of evidence establishing good faith; and that if appellant

had the burden of proof it should have been permitted to establish appellees' lack of good faith. We affirm the judgment of the trial court.

■ Texas allows the pleading of multiple theories of recovery.

Practical considerations support this rule. First, a plaintiff may be uncertain as to the fact propositions which may be established at the trial, or as to the rules of substantive law which the court will deem applicable to the established facts, and therefore to hedge against contingencies, may plead his claim to fit multiple theories and seek alternative and inconsistent relief.

2 McDonald, Texas Civil Practice § 6.20 (rev. 1982); Tex.R.Civ.P. 48.

■ Consistent with that practice, appellees alleged two theories of recovery: (1) breach of contract and reformation of the contract to reflect the original agreement and (2) a deceptive trade practice under § 17.46(a) of the TDTPA. These theories are cumulative and are not mutually exclusive. A judgment could have been given on either one without the other. *Smith v. Baldwin,* 611 S.W.2d 611 (Tex.1980); § 17.-43 TDTPA. Appellees properly plead both *theories to protect fully their rights and remedies.*

■ Appellant claims that because appellees plead an action under the TDTPA they must have pursued it at trial. However, it is apparent from the record that appellees abandoned their TDTPA action. There was no mention of such theory, no argument seeking treble damages and no argument or evidence concerning attorney fees. The statement of facts shows an attempt to prove the contract and reformation action. (See Finding of Fact No. 4 above). By failing to offer any testimony in support of the TDTPA action, appellees abandoned this claim as if it had been withdrawn. *See Sorrell v. Stone,* 60 Tex.Civ.App. 51, 127 S.W. 300 (1910, writ ref'd); *Thompson v. Kirkland,* 422 S.W.2d 258 (Tex.Civ.App. Texarkana 1967, no writ).

Section 17.50(c) provides that "on a finding by the court that an *action under this section* was groundless and brought in bad faith, or brought for the purpose of harrassment, the court shall award to the defendant reasonable and necessary attorneys' fees...." (emphasis added). TDTPA. Since no action was pursued under the TDTPA, appellant cannot recover attorney fees to defend against such an action.

Under our disposition the case we do not reach appellant's third ground of error. The judgment of the trial court is affirmed.