Stella EHRHARDT, Appellant,

v.

Charles EHRHARDT, Jr., Executor of the Estate of J. G. Ehrhardt, Deceased, Appellee.

No. 14068.

Court of Civil Appeals of Texas.

Houston.

Jan. 24, 1963.

Rehearing Denied Feb. 14, 1963.

Stella Ehrhardt, pro se.

No appearance for appellee.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court sustaining appellee's plea in abatement and dismissing a petition for bill of review filed by appellant.

■ There is no statement of facts and there is little in the transcript that is helpful to the Court. Our disposition of this appeal is based on our understanding of the case as shown by the transcript and the unchallenged statements of appellant in her brief. Appellee has filed no brief and did nor orally argue the case. We are in such case authorized to accept as true unchallenged statements made in appellant's brief. Rancher v. Franks et al., Tex.Civ.App., 269 S.W.2d 926, no writ hist.; Rule 419, Texas Rules of Civil Procedure.

From the meager transcript and appellant's brief it is shown that the will of J. G. Ehrhardt was admitted to probate in the Probate Court of Harris County November 22, 1955. Thereafter, on November 23, 1956, a contest was filed, apparently by appellant. On January 29, 1957, judgment was rendered in the Probate Court that appellant take nothing by her suit. Her contest is bound to have been a suit to set aside the order admitting the will to probate because it had been admitted to probate before any contest was filed. Appellant excepted to the judgment of January, 1957, and gave notice of appeal to the District Court.

On September 23, 1958, according to a judgment signed December 30, 1958, the cause came on to be heard, it being recited in the judgment that it was an appeal from the order of the Probate Court dated November 22, 1955, admitting the will of J. Gottlieb Ehrhardt to probate. It is then recited that the parties, including appellant and her attorneys, appeared and appellant declined to offer any evidence and moved to dismiss the appeal. The court then made a docket notation that the cause was dismissed on appellant's motion. Thereafter, on October 3, 1958, a motion was filed by appellee contending that the dismissal of the appeal by appellant was really an involuntary one and asked for a judgment of dismissal with prejudice. A hearing on this motion was set for October 20, 1958 and at such hearing on that date the court ruled he would hear and consider additional evidence notwithstanding appellant's motion

to dismiss her appeal. October 27, 1958 was the date set for hearing evidence. On October 27 the hearing was held. The court's judgment recites that appellant and her counsel were present and objected to hearing evidence because thirty days had expired since the dismissal of the appeal. The court proceeded to hear evidence and then entered a judgment probating the will. Appellant gave notice of appeal. She did not perfect her appeal to this Court. The judgment was rendered October 27 and was signed December 30.

Two years later, on December 30, 1960, appellant filed her petition for bill of review. Appellee filed his plea in abatement, setting up the failure of appellant to perfect her appeal from the above judgment of the District Court admitting the will to probate. The court sustained the plea in abatement and dismissed the petition for bill of review. It is an appeal from this order of dismissal that is before us.

It seems to us that while the appellee's dilatory plea was called a "plea in abatement" it was actually a special exception going to the substance of the pleading. Under the particular facts involved here, however, we think this makes no difference because appellant makes no complaint of this procedure.

Most of appellant's points of error cannot be considered by us. We will, however, notice two of such points because under a most liberal construction of the rules of civil procedure they may be sufficient.

The petition for bill of review in attacking the judgment signed December 30, 1958, stated it was void because rendered October 27, 1958, more than thirty days after the dismissal of her appeal. Appellant raises this point by a point of error.

Also appellant asserts by point of error that the court erred in not giving her a jury trial on the issue of fraud. We will construe it as a complaint that the court did not hear her bill of review.

The judgment of October 27, 1958 was not void.

Appellant's attack in the Probate Court was not to resist probate of the will when it was offered for probate but was through a new suit under Section 93 of the Probate Code, V.A.T.S., to set aside the order of the Probate Court admitting the will to probate. She was therefore attacking a solemn judgment of a court. She there had the burden of proving the invalidity of the will, the validity standing proven as evidenced by the judgment of the court. Crane v. Pierce, Tex.Civ.App., 257 S.W.2d 510, writ ref., and authorities there cited. When appellant appealed to the District Court from the order refusing to set aside the judgment admitting the will to probate, the burden remained on her to establish the invalidity of the Probate Court's judgment admitting the will to probate by proving the will was invalid. Crane v. Pierce, supra, and authorities there cited. When she moved the court to dismiss her appeal and introduced no evidence supporting her contest and the court granted the motion, this constituted an abandonment of the suit. Sorrell v. Stone, 60 Tex.Civ.App. 51, 127 S.W. 300, writ ref.; Cannon v. Willis, Tex.Civ.App., 130 S.W.2d 920, writ ref.; Scheetz v. Bader, Tex.Civ.App., 251 S.W.2d 427, writ ref.; Turner v. Jackson, Tex.Civ.App., 256 S.W.2d 127, writ ref. While these last cited cases were situations where the contestant in a suit to set aside a judgment probating a will had failed to introduce evidence in the probate court, the principle applicable is the same where the probate court has refused to set aside its judgment and on appeal the contestant in the district court dismisses the appeal. In each case it is an instance in which the contestant abandons her attack on a judgment of the probate court and thus leaves standing the solemn judgment of a court. The will stands admitted to probate.

While in this case the District Court unnecessarily went forward and allowed proof of the validity of the will, the judgment added nothing to the probating of the will. However, when we construe all the provisions of the District Court's judgment, particularly that reciting a dismissal of the appeal by appellant, it at least constitutes a reduction to writing of the court's action in allowing a dismissal of the appeal, and serves as a certification to the Probate Court of the action in the District Court, the effect of which is to notify the Probate Court that its judgment admitting the will to probate is in full force and effect.

There was nothing alleged in appellant's petition for bill of review which if proven on trial could affect the judgment attacked. The Court did not therefore, err in refusing to hear evidence on such petition.

The judgment of the trial court is affirmed.