Fred **HALAMICEK** et al., Appellants,

v.

Roy Edward **HALAMICEK**, Appellee.

No. 1033.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 30, 1976.

Rehearing Denied Oct. 28, 1976.

W. T. Miller, Miller & Miller, Gonzales, for appellants.

Andrew Gary, Morgan, Gary & Klossner, San Marcos, for appellee.

## OPINION

BISSETT, Justice.

This is a suit to set aside the probate of the holographic will of Roy Edward Halamicek, Sr., Deceased, on the ground that such will had been revoked by a later holographic will. Trial was to a jury. The judgment set aside the probated will. Fred Halamicek and Eddie Halamicek, defendants, have duly and timely perfected an appeal from that judgment.

Roy Edward Halamicek, Sr., hereinafter referred to as "decedent", died on April 19, 1972. He was survived by two natural sons, Roy Edward Halamicek, Jr. (the plaintiff), and Henry Irving Halamicek, and by an adopted daughter, Cindy Mabrey. They constituted his sole and only heirs at law. Fred Halamicek (a brother of the decedent) filed a holographic will of the decedent for probate shortly after the decedent's death. That will, dated September 16, 1963, was duly admitted to probate by the County Court of Gonzales County, Texas, on May 8, 1972. Fred Halamicek qualified as Administrator with will annexed of the decedent's estate.

At the time the will was probated, both of decedent's sons were minors. Roy Edward Halamicek, Jr., upon reaching his majority, brought identical suits in both the District Court and in the County Court (Gonzales County) to set aside the will that had been probated on May 8, 1972, as above stated. The District Court suit was filed on May 6, 1974 and the County Court suit was instituted on September 3, 1974. Fred Halamicek, Individually and as Administrator of the Estate of Roy Halamicek, Deceased, Eddie Halamicek, Henry Irving Halamicek, Cindy Mabrey and Marjorie Hensley were made defendants to the actions brought by the plaintiff.

The defendants Cindy Mabrey and Henry Irving Halamicek, following the removal of his disabilities of minority, expressly adopted the allegations made by Roy Edward Halamicek, plaintiff, in his petition, and further prayed that the probated will be set aside. The defendant Marjorie Hensley, the ex-wife of the decedent and the mother of his two sons, disclaimed any interest in the subject matter of the suit.

The plaintiff, among other allegations, alleged that the probate of the September 16, 1963 will should be set aside on the ground:

"... THAT said instrument dated September 16, 1963 had been revoked, either expressly or by implication, by the Decedent, Roy Halamicek, executing a subsequent inconsistent holographic instrument as his Last Will and Testament with like formalities which expressly and/or by implication revoked such instrument dated September 16, 1963."

The County Court suit was transferred to the District Court, where the causes were consolidated. Trial commenced on February 26, 1975. Special Issue No. 1 inquired:

"Do you find from a preponderance of the evidence that after 1963 Roy Halamicek, Sr. executed the instrument testified

to by Lucille Herschap intending the same to be and constitute his last will and intending same to revoke all other wills?" To which, the jury answered: "We do".

The judgment, which was signed on May 23, 1975, in part, decreed:

". . . that the probate of said 1963 will of the decedent, ROY HALAMICEK, in Cause No. 6096 on the probate docket of the County Court of Gonzales County, Texas, should be, and the same is hereby, SET ASIDE AND HELD FOR NAUGHT. It is further ORDERED, ADJUDGED AND DECREED that the said 1963 will has been revoked by the decedent, . . ."

The defendants (appellants) assert in their first point of error that there is "no evidence that the alleged revoking will was wholly in the handwriting of the decedent Roy Halamicek as pleaded by Appellee". They contend in their fourth point that "the judgment of the court should be reversed because the testimony of Lucille Herschap as to declarations of the decedent, Roy Halamicek, are insufficient to prove either the execution or contents of the alleged revoking will".

The plaintiff (appellee) contends "the record in this case abounds with evidence by which the jury might reasonably infer the revoking will was wholly in the handwriting of the decedent", because: 1) the decedent made a prior holographic will in 1963; 2) in a discussion between decedent and Mr. W. T. Miller, an attorney, Miller told decedent to rewrite his will and include certain provisions therein; 3) the decedent telephoned Lucille Herschap and told her that he was making out his will, and later told her in person that he had executed his will; 4) the testimony of Lucille Herschap as to declarations of decedent; 5) the testimony of Mr. Roger Dreyer, an attorney, as to a statement made to him by decedent that he had something written up he wanted Dreyer to look over; 6) it can reasonably be inferred that decedent, as a result of his conversation with Miller, knew that anything but a wholly handwritten will had to be witnessed in order to be valid.

Statutory requirements pertaining to revocation of wills in Texas are set out in our Probate Code as follows:

"§ 63.  Revocation of Wills

No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence.  Acts 1955, 54th Leg., p. 88, ch. 55."

■ The statutory method of revoking a valid will is exclusive.  *Morgan v. Davenport*, 60 Tex. 230 (1883); *Pullen v. Russ*, 209 S.W.2d 630 (Tex.Civ.App.—Amarillo 1948, writ ref'd n.r.e.); *Aschenbeck v. Aschenbeck*, 62 S.W.2d 326 (Tex.Civ.App.—Austin 1933, writ dism'd); *Citizens First National Bank of Tyler v. Rushing*, 433 S.W.2d 741 (Tex.Civ.App.—Tyler 1968, no writ).

■ In order to establish revocation of a will by the execution of a subsequent will that either expressly or impliedly revokes the prior will, it must be shown by a preponderance of the evidence that the revoking will was executed with like formalities of the prior will.  The term "like formalities", as used in the statute, requires proof that the revoking instrument was *validly executed*.  *Womack v. Woodson*, 169 S.W.2d 786 (Tex.Civ.App.—Beaumont 1943, writ ref'd).

■ Since this is a suit to annul the probate of a will already probated, the burden is cast upon the plaintiff to establish by a preponderance of the evidence "the execution, attended by due formality and legal requirements, of a subsequent instrument, which either expressly or impliedly revoked the former will."  *Richardson v. Ames*, 2 S.W.2d 517 (Tex.Civ.App.—Eastland 1928, writ ref'd).  See also, *Chambers v. Winn*, 137 Tex. 444, 154 S.W.2d 454 (Tex.Com.App. 1941, opinion adopted); *Boyd v. Frost Nat. Bank*, 145 Tex. 206, 196 S.W.2d 497 (1946); *Crane v. Pierce*, 257 S.W.2d 510 (Tex.Civ. App.—Dallas 1953, writ ref'd); *Ehrhardt v. Ehrhardt*, 364 S.W.2d 471 (Tex.Civ.App.— Houston 1963, no writ).

■ It is well settled rule in this case that while statements made by the decedent to the general effect that he had made a later will are admissible on the execution of a lost will, it is further well settled that such statements and declarations cannot within themselves, and standing alone, be of sufficient probative force to establish the fact that the alleged lost will was actually and validly executed by the decedent. *Compton v. Dannenbauer,* 120 Tex. 14, 35 S.W.2d 682 (1931); *Tynan v. Paschal,* 27 Tex. 286 (1863).

The decedent was divorced from his wife Marjorie in 1963. Following the divorce, decedent's two boys lived with their mother for about two years, when they went to live with their maternal grandmother. In 1966, the boys then went to live in the home of Mrs. Annie Halamicek, their paternal grandmother, in whose home the decedent also resided. They continued to live in her home until shortly after their father's death. A close relationship existed between the decedent and his sons.

On the date of his death and for many years prior thereto, the decedent and the defendant Fred Halamicek were partners in a business in Gonzales, Texas. On September 13, 1963, when the probated will was signed, the decedent owned considerable property in partnership with Fred and also in his own right. His net estate was in excess of $200,000.00. The defendants were the principal beneficiaries under the 1963 will, although in that will the sons of the decedent were devised a certain tract of land, which, at the time of decedent's death, was apparently quite valuable.

According to Mr. Roger Dreyer, about a year before the decedent's death he had a conversation with the decedent, when the decedent told him: "I have got something that I have written up that I want you to look over sometime". There is no showing in the record that the decedent, at any time presented any writing to Mr. Dreyer for him "to look over".

Mr. W. T. Miller testified, in substance, that the decedent, in 1967 or 1968, told him that "he had a holographic will", and that he (Miller) advised the decedent of the "danger of making a holographic will", and suggested that he "let a lawyer look at it". He further testified that he wrote out two paragraphs in his own handwriting, gave them to the decedent, and told him "that at the very least he ought to have these two paragraphs" in his will. The paragraphs provided for the appointment of an executor without bond, and for an independent administration of the estate.

■ The statement made to Dreyer to the effect that he had "something written up" does not raise an inference that the document was wholly in the decedent's handwriting, or that it was a revoking instrument, or that it was testamentary in character or nature. The account of the transaction between Miller and the decedent will not support an inference that the decedent thereafter executed a valid will holographic or otherwise, or revoked a prior will.

The only witness who gave any testimony in support of the plaintiff's claim of revocation of the probated will by a later holographic will was Mrs. Lucille Herschap. She testified that she was acquainted with the decedent during his lifetime, and that he first mentioned a will to her "about '69 or '70", when he asked her to "come down to the store", and told her "that he was making out a will". She did not comply with his request. Several nights later, the decedent, while at Mrs. Herschap's home, said to her: "I really have got my will fixed up for my boys. They are well taken care of". She also testified that the decedent told her that he had executed a will, in which he "had left everything for his boys and that he was leaving one dollar to his ex-wife, and Fred half of the store only". She did not know "when he actually finished the will". She further testified that she had never seen any will of the decedent "other than the one that was admitted to probate".

■ The alleged revoking instrument (holographic will) was not produced at the trial. No witness testified as to ever hav-

ing seen such an instrument. There is no evidence that any such instrument was wholly in the handwriting of the decedent. There is neither pleading nor proof that the decedent signed a nonholographic will that was properly witnessed. The statements and declarations made by the decedent to Mrs. Herschap, standing alone, are not of sufficient probative force to establish the fact of execution of the alleged revoking will, or to even raise the issue of its execution. Those statements and declarations constituted nothing more than legal conclusions of the decedent that he had executed a will, which may have been altogether imperfect or erroneous. Those statements and declarations do not give rise to a reasonable inference that the alleged will was wholly in the handwriting of the decedent, or that he signed any such instrument.

We have carefully examined the record. We have, as is required of us in disposing of "no evidence" points, viewed the evidence in its most favorable light in support of the finding that the decedent "executed the instrument testified to by Lucille Herschap", considering only the evidence and inferences which support the finding, and rejecting the evidence and inferences which are contrary to the finding. There is no evidence of probative force in the record that the decedent revoked the September 16, 1963 will be any of the methods prescribed by Tex.Prob.Code Ann. § 63 (1956). The defendants' first and fourth points are sustained.

In view of our holding in this case, it is not necessary that we consider or dispose of defendants' remaining points of error.

The judgment of the trial court is reversed, and judgment is here rendered that the instrument dated September 16, 1963, which was admitted to probate as the Last Will and Testament of Roy Halamicek, Deceased, by the County Court of Gonzales County, Texas, sitting in probate, has not been revoked, and that the holographic will of Roy Halamicek, Deceased, dated September 16, 1963, is the *valid* Last Will and Testament of the decedent.

REVERSED AND RENDERED.