NO. 07-00-0449-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 10, 2001

_____

IN RE THE ESTATE OF MAMIE HOLMES WILLIAMS, DECEASED

_____

FROM THE COUNTY COURT AT LAW NO. 3
AND PROBATE COURT OF BRAZORIA COUNTY;

NO. 20,456; HONORABLE JAMES BLACKSTOCK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellants Freddie Chizer and Larry Chizer challenge the summary judgment denying their contest of the order admitting the holographic will of Mamie Holmes Williams, deceased, to probate as a muniment of title. By four issues, they contend (1) the evidence proffered demonstrates that the testatrix executed the handwritten document without the necessary testamentary intent to dispose of her property at her death, (2) the evidence proffered at trial demonstrates that the testatrix did not have the testamentary capacity to make a will at the time the will was executed, (3) where fraud is apparent, res judicata

cannot be used to sustain fraud, and (4) the trial court should not have granted summary judgment where an order was not signed on a motion for new trial and the court's oral rendition, docket sheet entry, and letters to the attorneys of record, grant a new trial. Based upon the rationale expressed herein, we affirm.

Mamie Holmes Williams died on February 17, 1994, survived by her cousins, Raymond Chizer, Freddie Chizer, and Larry Chizer, appellee Tommy Bradshaw, devisee and legatee under her holographic will dated May 2, 1977, and several others. Following her death, on September 27, 1994, Bradshaw filed an application to probate the holographic will of Mamie Holmes Williams as a muniment of title and the will was admitted to probate by order signed October 13, 1994. On February 20, 1998, Raymond Chizer filed a contest to the probate of the holographic will which was denied by order signed February 4, 2000.[1] Then, on February 18, 2000, Freddie Chizer and Larry Chizer filed pleadings entitled "petition in intervention" in the original probate cause without leave of court. In addition to a general denial, Bradshaw's response alleged the affirmative defenses of limitations and res judicata, which were also presented as grounds in his motion for summary judgment granted on July 21, 2000.

---

[1]According to the briefs, the trial court orally indicated that it would grant a new trial; however, according to the clerk's record, an order granting a new trial was never filed.

## STANDARD OF REVIEW

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). When a summary judgment does not specify or state the grounds relied on, the summary

3

judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989).

We will consider the Chizers' issues in a logical rather than sequential order. By their first two issues, they contend the evidence was insufficient to demonstrate testamentary intention or capacity to make a will. However, in response to Bradshaw's motion for summary judgment, they presented two issues in opposition, to-wit:

> (1) Is the order for new trial for intervenors which was not personally signed by the judge a valid order which would allow a final hearing on this probate matter.

> (2) Does res judicata bar relitigation in this suit to set aside probate contest.

4

Because the Chizers did not present the issues of testamentary intention or capacity to make a will to the trial court in writing, they cannot be considered on appeal as grounds for reversal. *See* Tex. R. Civ. P. 166a(c); *Clear Creek Basin Authority*, 589 S.W.2d at 678. Issues one and two are overruled.

By issue four, the Chizers contend the trial court should not have granted summary judgment because before the motion for summary judgment was filed and heard by the trial court, the trial court had orally indicated that he would grant a new trial.[2]  Notwithstanding their assertion of the issue, the Chizers did not present or file any summary judgment evidence supporting the "new trial" issue in opposition to the motion for summary judgment. When the motion for summary judgment was heard and the judgment signed, no evidence was  "on file at the time of the hearing" as required by Rule 166a(c) of the Texas Rules of Civil Procedure, nor was any other evidence supporting their contention attached to the response to Bradshaw's motion for summary judgment. *See generally*, Feldman v. Kohler Co., 918 S.W.2d 615, 625 n.10 (Tex.App.–El Paso 1996, writ denied) (refusing to consider on appeal documents that were not attached to the motion as summary judgment evidence). Accordingly, issue four is overruled.

---

[2]As was noted in Ehrhardt v. Ehrhardt, 364 S.W.2d 471, 472 (Tex.Civ.App.--Houston 1963, writ ref'd n.r.e.), here also, there is little in the clerk's record that is helpful to this Court.

By their third issue, the Chizers assert that res judicata does not bar their action because the defense cannot be used "to sustain fraud based upon the maximum [sic] that no man may benefit from his own wrong." We disagree. Like issues one and two, this issue does not comport with the issue presented to the trial court in writing and cannot be considered here as grounds for reversal. Tex. R. Civ. P. 166a(c); *Clear Creek Basin Authority*, 589 S.W.2d at 678.

Furthermore, the clerk's record includes the orders of the trial court admitting the will to probate signed October 13, 1994, and an order in the same cause number signed February 4, 2000, denying the contest filed by Raymond Chizer. Because the Chizers were attacking a solemn judgment of a court, they had the burden of proving the invalidity of the order admitting the will to probate as a muniment of title, which included their claims of fraud to avoid the defense of res judicata. Ehrhardt v. Ehrhardt, 364 S.W.2d 471, 473 (Tex.Civ.App.--Houston 1963, writ ref'd n.r.e.). In *Clear Creek Basin Authority*, 589 S.W.2d at 678, the Court, in discussing summary judgment practice, held that:

- Pleadings do not constitute summary judgment proof.

- The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion.

- The non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue.

6

(Emphasis added). Notwithstanding their claim of fraud to avoid the affirmative defense of res judicata, the Chizers did not present any summary judgment evidence to create a fact question on fraud. Issue three is overruled.

Moreover, the judgment of the trial court must also be affirmed because the Chizers did not present a general assignment that the trial court erred in granting summary judgment. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Res judicata and statute of limitations were presented as the grounds for the motion for summary judgment; however, the Chizers did not challenge the limitations ground in the trial court and, accordingly, it cannot be asserted on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c), *Clear Creek Basis Authority*, 589 S.W.2d at 678. As in *Napier*, this judgment must be affirmed for the reason that it may have been based on limitations, which was not specifically challenged, nor was a general issue presented on appeal challenging summary judgment. 461 S.W.2d at 121.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

7