NO. 07-03-0129-CR


NO. 07-03-0130-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 25, 2003



______________________________




TIMOTHY LAWRENCE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred
adjudication in cause number 32,672-C for burglary of a habitation and in cause number
32,670 for aggravated robbery and placed on community supervision for six years and ten
years plus $2000 restitution, respectively. After hearing evidence on the State's amended
motions to proceed with adjudications of guilt, on January 17, 2003, the trial court
adjudicated appellant guilty of both offenses and punishment was assessed at 40 years
confinement. Appellant filed pro se "Motions for Appeal" indicating a desire to appeal his
convictions. See Tex. R. App. P. 25.2(c)(2); see Verburgt v. Dorner, 959 S.W.2d 615, 616
(Tex. 1997) (holding that a timely filed document showing a bona fide attempt to appeal
invokes an appellate court's jurisdiction).

 We recognize that article 42.12, section 5(b) of the Texas Code of Criminal
Procedure Annotated (Vernon Supp. 2003), expressly denies a defendant the right to
appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.3d
738, 741 (Tex.Cr.App. 1999). However, appeals of proceedings after an adjudication of
guilt, including assessment of punishment, pronouncement of sentence, and granting of
community supervision are not foreclosed by article 42.12, section 5(b). 

 On April 7, 2003, appellant filed a document requesting the assistance of counsel. 
Therefore, we now abate these appeals and remand the causes to the trial court for further
proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to
be given and, thereafter conduct a hearing to determine the following:

 1. whether appellant desires to prosecute these appeals; and

 2. whether appellant is indigent and entitled to appointed counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to pursue the appeals, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions
of law, and such orders as the court may enter regarding the aforementioned issues, and
cause its findings and conclusions to be included in a supplemental clerk's record. A
supplemental record of the hearing shall also be included in the appellate record. Finally,
the trial court shall file the supplemental clerk's record and the supplemental reporter's
record with the Clerk of this Court by Monday, June 9, 2003.

 It is so ordered.


 Per Curiam

Do not publish. 

 



1986), or negate at least one
essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to
summary judgment, the non-movant has the burden to respond to the motion for summary
judgment and present to the trial court any issues that would preclude summary judgment. 
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti
v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). 
When a summary judgment does not specify or state the grounds relied on, the summary
judgment will be affirmed on appeal if any of the grounds presented in the motion are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am.
v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Issues
which the non-movant contends preclude the granting of a summary judgment must be
expressly presented to the trial court by written answer or other written response to the
motion and not by mere reference to summary judgment evidence. McConnell v. Southside
School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial
court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P.
166a(c). Further, all theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551,
553 (Tex. 1989).

 We will consider the Chizers' issues in a logical rather than sequential order. By
their first two issues, they contend the evidence was insufficient to demonstrate
testamentary intention or capacity to make a will. However, in response to Bradshaw's
motion for summary judgment, they presented two issues in opposition, to-wit:


 (1) Is the order for new trial for intervenors which was not personally signed
by the judge a valid order which would allow a final hearing on this probate
matter.


 (2) Does res judicata bar relitigation in this suit to set aside probate contest.



Because the Chizers did not present the issues of testamentary intention or capacity to
make a will to the trial court in writing, they cannot be considered on appeal as grounds for
reversal. See Tex. R. Civ. P. 166a(c); Clear Creek Basin Authority, 589 S.W.2d at 678. 
Issues one and two are overruled. 

 By issue four, the Chizers contend the trial court should not have granted summary
judgment because before the motion for summary judgment was filed and heard by the trial
court, the trial court had orally indicated that he would grant a new trial. (2) Notwithstanding
their assertion of the issue, the Chizers did not present or file any summary judgment
evidence supporting the "new trial" issue in opposition to the motion for summary judgment. 
When the motion for summary judgment was heard and the judgment signed, no evidence
was "on file at the time of the hearing" as required by Rule 166a(c) of the Texas Rules of
Civil Procedure, nor was any other evidence supporting their contention attached to the
response to Bradshaw's motion for summary judgment. See generally, Feldman v. Kohler
Co., 918 S.W.2d 615, 625 n.10 (Tex.App.-El Paso 1996, writ denied) (refusing to consider
on appeal documents that were not attached to the motion as summary judgment evidence). 
Accordingly, issue four is overruled.

 By their third issue, the Chizers assert that res judicata does not bar their action
because the defense cannot be used "to sustain fraud based upon the maximum [sic] that
no man may benefit from his own wrong." We disagree. Like issues one and two, this
issue does not comport with the issue presented to the trial court in writing and cannot be
considered here as grounds for reversal. Tex. R. Civ. P. 166a(c); Clear Creek Basin
Authority, 589 S.W.2d at 678.

 Furthermore, the clerk's record includes the orders of the trial court admitting the will
to probate signed October 13, 1994, and an order in the same cause number signed
February 4, 2000, denying the contest filed by Raymond Chizer. Because the Chizers were
attacking a solemn judgment of a court, they had the burden of proving the invalidity of the
order admitting the will to probate as a muniment of title, which included their claims of
fraud to avoid the defense of res judicata. Ehrhardt v. Ehrhardt, 364 S.W.2d 471, 473
(Tex.Civ.App.--Houston 1963, writ ref'd n.r.e.). In Clear Creek Basin Authority, 589 S.W.2d
at 678, the Court, in discussing summary judgment practice, held that:



 Pleadings do not constitute summary judgment proof.


 


 The written answer or response to the motion must fairly apprise the
movant and the court of the issues the non-movant contends should
defeat the motion.


 


 The non-movant must expressly present to the trial court any reasons
seeking to avoid movant's entitlement, such as those set out in rules
93 and 94, and he must present summary judgment proof when
necessary to establish a fact issue.


 


(Emphasis added). Notwithstanding their claim of fraud to avoid the affirmative defense of
res judicata, the Chizers did not present any summary judgment evidence to create a fact
question on fraud. Issue three is overruled.

 Moreover, the judgment of the trial court must also be affirmed because the Chizers
did not present a general assignment that the trial court erred in granting summary
judgment. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Res judicata
and statute of limitations were presented as the grounds for the motion for summary
judgment; however, the Chizers did not challenge the limitations ground in the trial court
and, accordingly, it cannot be asserted on appeal as grounds for reversal. Tex. R. Civ. P.
166a(c), Clear Creek Basis Authority, 589 S.W.2d at 678. As in Napier, this judgment must
be affirmed for the reason that it may have been based on limitations, which was not
specifically challenged, nor was a general issue presented on appeal challenging summary
judgment. 461 S.W.2d at 121.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis Justice


Do not publish.
1. According to the briefs, the trial court orally indicated that it would grant a new trial;
however, according to the clerk's record, an order granting a new trial was never filed. 
2. As was noted in Ehrhardt v. Ehrhardt, 364 S.W.2d 471, 472 (Tex.Civ.App.--
Houston 1963, writ ref'd n.r.e.), here also, there is little in the clerk's record that is helpful
to this Court.